LP FILED
OCT 13 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| **In re**<br><br>**SHIRLEY LAURIE FIFE,**<br><br><br><br>**Debtor.** | **Case No. 08-16578-A-13F**<br>**DC Nos. THA-1; HDN-1**<br><br>**DATE: January 7, 2010**<br>**TIME: 9:00 a.m.**<br>**DEPT: "A" - Courtroom 11**<br>**JUDGE: Richard T. Ford** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The trial was conducted in the above matters on January 7, January 8, and April 13, 2010. After oral arguments a briefing schedule provided that all items be submitted by July 9, 2010. At the conclusion of hearing the oral testimony of the creditors case, counsel for the Debtor moved pursuant to Federal Rule of Civil Procedure 52 (c) and Federal Rule of Bankruptcy Procedure 7052, for Judgment on Partial Findings. The Court declined to render any judgment pending a review of the evidence, both oral and written, and ordered the parties to prepare proposed Findings of Fact, Conclusions of Law, and briefs. The Court stated that if after review, Judgment was in favor of the Creditor, then the Debtor would have a opportunity to present a defense. If Judgment was in favor of the Debtor, then that matter would be moot.

83

The two contested matters, Debtor's Objection to Claim No. 4 of Rogelio and Graciela Mendoza (DC No. THA-1), and the Motion of Rogelio and Graciela Mendoza To Estimate Claim No. 4 (DC No. HDN-1), were consolidated for an evidentiary hearing by Minute Order of the Court entered October 8, 2009.

At the onset of the hearing, the Court advised Creditors counsel that Mendoza bore the burden of proof as to the validity and amount regarding Proof of Claim No. 4. (Transcript, P.4:21-22) See also Lundell v. Anchor Construction Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000); see also Colliers on Bankruptcy, 2010, Part III Bankruptcy Rules, 9-301 at ¶3001.09. The ultimate burden of persuasion remains at all times upon the claimant. In Re Holm,931 F.2d. 620, 623 (9th Cir. 1991); See also In Re Consolidated Pioneer Mortgage, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d. 151 (9th Cir. 1996).

**JURISDICTION**

This is an objection to claim pursuant to 11 U.S.C. §502(a)&(b) and a motion to estimate claim pursuant to 11 U.S.C. §502(c)(1). Jurisdiction exists under 28 U.S.C. §1334. Venue is proper under 28 U.S.C. §1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. §157(a) and United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(B). The objection to claim and motion to estimate claim are both brought pursuant to Local Bankruptcy Rule Rules 3007-1 and 9014-1, and contested matters within the meaning of Federal Rules of Bankruptcy Procedure Rule 9014.

**FINDINGS OF FACT**

1. On or about November 17, 1993, Debtor, as the Trustee for the Shirley L. Fife Revocable Trust dated October 22, 1983, entered into an agreement to sell the real property commonly known as 1425 W. Andrews, Fresno, California 93705 (the "Property") to Mendoza. Escrow Instructions- Debtor's Exhibit "1". The total sale price of the Property was $50,773.00. Debtor's Exhibit "1".

2. To purchase the Property, Mendoza executed a Note Secured by a Deed of Trust ("Note No. 1") in the amount of $48,773. Debtor's Exhibit "2".

3. Mendoza lacked sufficient funds for a down payment at the time of the purchase. Therefore, Debtor also carried a separate unsecured note in the amount of $2,000 ("Note No. 2") dated November 17, 1993 executed by Mr. and Mrs. Mendoza so they could purchase the Property. Debtor's Exhibit "3". That Note was paid in full, as noted in Exhibit "3", on November 23, 1994.

4. To secure performance under the Note No. "1", a Deed of Trust ("TD No. 1") was executed by Mendoza and duly recorded as document number 93-189362 with the Fresno County Recorder's office on December 7, 1993. Debtor's Exhibit "5".

5. Under the terms of Note No. "1", Mendoza was to pay a sum of $500 per month beginning on January 7, 1994 and continuing to December 7, 1998 at which time all unpaid principal and accrued unpaid interest became due and payable. In the event of a default, the sum of $25 would be charged as the late charge.

6. On or about April 28, 1998, and prior to Note No. 1's maturation date, Mendoza refinanced the Property to pay off the

balloon payment due under Note No. "1".

7. At the time of the refinance, a discrepancy existed between Debtor and Mendoza as to the remaining indebtedness owing under Note No. "1". Debtor contends that under Note No. "1" the amount due was $48,965. Debtor's Exhibit "7". Mendoza on the other hand asserts that they paid $39,864.21 as calculated by Mr. Vargas, their CPA expert who testified at the evidentiary hearing. His calculations, based upon information provided by Mendoza, were set forth in Exhibits DD, FF, and II. There was a objection to allowing these documents as they were submitted after the document due date of December 30, 2009. Timely objections were made by Debtor's counsel to these exhibits but the Court allowed their introduction into the record. The Court notes that many of the receipts are duplicative, and that there were not fronts and backs of each check and/or money order demonstrating that they were negotiated by Debtor. Further, Mr. Vargas admitted on cross-examination that in his recalculation of Exhibit II, that he failed to take into account late fees due under Note No. "1". Transcript at P.317: 16-21.

8. In order to complete the refinance and pay off Debtor's Demand under Note No. "1" (Debtor's Exhibit "7"), Mendoza executed Note No. "3" dated April 28, 1998 in the amount of $5,600.00. Debtor's Exhibit "8". Note No. "3" was prepared by Paul Petrich. Transcript at P. 25:3-9.

9. Mr. Petrich also prepared the Deed of Trust ("TD No. 2") to secure performance under Note No. "3". Debtor's Exhibit "9"; Transcript at P. 25: 22-25 and P. 26: 1-16. Mr Petrich was a Mortgage loan broker acquainted with both parties.

10. Mendoza executed and Debtor recorded TD No. 2. Debtor's Exhibit "9" on May 21, 1998 with the Fresno County Recorder

11. The record reflects Mendoza admitted making intermittent payments on Note No. "3". In fact, Mendoza further admitted stopping all payments under Note No. "3" upon advice of counsel. Transcript at P. 268: 9-11. Mendoza admitted that they owed $5,600 under Note No. "3". Transcript at P.272: 17-20. Mendoza further testified that they made payments in varying amounts to Debtor under Note No. "3" as they owed the amount due under Note No. "3". Transcript at P. 273: 13-25 through P. 274: 1-16.

12. When Mendoza was questioned about his practice and understanding of the obligation to pay under Note No. "3", his responses were equivocal. Transcript at P. 274: 17-25 through P. 276: 1-13. The Court noted that Mendoza failed to make payments under Note No. "3", that the payments were due, and that Note No. "3" is clear as to what payments were to be made, and when they were to be made. (Transcript at P. 276:5-7).

13. Mendoza ultimately failed and continued to fail to pay as required under Note No. "3". Mendoza admitted that he stopped paying Debtor, Fairbanks and payments due on his automobile loans to Sanchez Auto Sales.   Transcript P.288: 20 - 22.

14. Based upon Mendoza's failure of performance, Debtor filed and recorded Notices of Default and Trustee's Sale with the Fresno County Recorder's office. Debtor's Exhibits "11" and "12".

15. Mendoza failed to cure the default. Mendoza filed for Chapter 7 bankruptcy protection bearing case number 02-13797B-7F on April 24, 2002 thus staying the foreclosure. Debtor's Request For Judicial Notice ("JN") No. 1 and Debtor's Document 21. Mendoza scheduled the indebtedness owing to Debtor in the amount of $8,010. JN No.3, Debtor's Document No. 22 page 9.

16. Mendoza testified that all documents should have everything true, including their bankruptcy schedules. (Transcript at P. 283: 9-25; P. 284: 1-20). He testified that the financial information in their schedules was true and that he provided his attorney with the information. (Transcript P. 284: 12-20).

17. Mendoza indicated that they had a potential buyer for the Property but failed to close that sale. The Residential Purchase Agreement dated August 8, 2002 provided by Mendoza to Debtor was admitted as Exhibit "13".

18. In July 2002, Debtor received a Notice of Default from the holder of the first position trust deed regarding the Property. JN No. 5, Debtor's Document No. 23.

19. On July 10, 2002, the automatic stay was terminated to allow Debtor to proceed with her foreclosure sale. JN 1, Debtor's Document No. 21, at the Court's Docket Entry 22.

20. Debtor ultimately foreclosed on the Property and a Trustee' Deed following the sale was duly recorded to complete the foreclosure on August 16, 2002. Debtor's Exhibit "14".

21. On April 8, 2004, Mendoza filed a complaint in the Superior Court for the State of California County of Fresno for

breach of contract; intentional fraud and deceit; negligent fraud and deceit; conversion; constructive trust; intentional infliction of emotional distress; negligent infliction of emotional distress; quite title; and accounting.

22. A First Amended Complaint was filed January 13, 2006. It added a count for wrongful foreclosure and is attached to Mendoza's Proof of Claim filed December 16, 2008. (. It is noted that the verifications to the Amended complaint are dated February 13, 2004)

23. On October 17, 2008, Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code. Mendoza has not sought relief from the automatic stay to liquidate the claim in State Court. On December 16, 2008, Mendoza filed an unsecured non-priority claim for $130,000.

24. These contested matters address and decides Mendoza's numerous counts under the First Amended Complaint which forms the basis of the Proof of Claim No. 4 on file in this case.

25. The believable facts in this case demonstrate that Mendoza admitted not paying Note No. "3", the obligation owing to the creditor secured by the first position deed of trust on the Property, and the car payments due to another secured creditor. As to the claims for Breach of Contract; Intentional Fraud and Deceit; Negligent Fraud and Deceit; Conversion; Constructive Trust; Intentional Infliction of Emotional Distress; Negligent Inflection of Emotional Distress; Quiet Title; and Accounting, no evidence was produced by Mendoza to support these claims.

26. Rather, as the Court notes in the Transcript at P. 275: 22-25 through P.276: 1-4, the issue is whether Mendoza's

alleged oral agreement is valid and believable or whether a written modification was required under the Statute of Frauds under California Civil Code 624 to modify Note No. "3". Mendoza never sued Ms. Tienda, the person who purchased the Property from the Debtor following the Trustee's Sale. Mendoza did not even call Ms. Tienda as a witness despite listing her as a witness to be called.

**CONCLUSIONS OF LAW**

27. A timely filed Proof of Claim filed in accordance with the Federal Rules of Bankruptcy Procedures constitutes prima facie evidence as to the validity and amount of the claim. F.R.B.P. Rule 3001 (f).

28. The Debtor has submitted sufficient evidence with her Objection to Claim No. 4 showing facts tending to defeat the Mendoza's claim. Thus, the ultimate burden of persuasion as to the amount and validity of the claim rests with Mendoza. Lundell v. Anchor Construction Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000); See also Colliers on Bankruptcy, 2010, Part III Bankruptcy Rules, 9-301 at ¶3001.09; See also In Re Holm, 931 F.2d. 620, 623 (9th Cir. 1991); See also In Re Consolidated Pioneer Mortgage, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d. 151 (9th Cir. 1996).

29. Regarding the Mendoza's claim for Intentional Infliction of Emotional Distress, Mendoza has offered no evidence of any conduct intentionally caused by the Debtor that resulted in severe emotional distress and damages. Witkin 5 Summary of California Law 10th Ed. 2005 §449-454. The record is devoid of any outrageous conduct by the Debtor. Rather, the

conduct complained of was the Debtor's acts in exercising her rights under the Deed of Trust securing the Mendoza's obligation to pay in accordance with the terms of Note No. "3". Therefore, the Mendoza's claim for Intentional Infliction of Emotional Distress must fail.

30. Similarly, no conduct of the Debtor supports any claim for negligent infliction of emotional distress. Witkin 6 Summary of California Law 10th Ed. 2005 §1004-1037.

31. Regarding Negligent and Intentional Fraud and Deceit, Mendoza has failed to prove by a preponderance of the evidence that there were any representations by Debtor of any "side agreement" regarding Note No. "3". In fact, the record demonstrates that Mendoza freely entered into Note No. "3" and testified that he made some payments and thereafter failed to make many payments for a period of at least ten (10) months. The Court finds and holds that Note No. "3" was a novation in that it substituted a new obligation for an old obligation between the parties from the debt originally due under Note No. "1". Black's Law Dictionary Abridged 8th Ed. 2005. The drafting and execution of Note No. "3" was engaged in to allow the Mendozas to refinance the Property. Therefore, the Court finds and holds that the elements of fraudulent inducement and damages proximately caused thereby, have not been proven by a preponderance of the evidence by Mendoza.

32. Conversion requires the wrongful taking of another's property without lawful justification. In this case, the evidence as admitted by Mendoza is that they failed to pay as required under the terms of Note No. "3". Therefore, conversion

cannot support any claim.

33. No facts were pleaded and no evidence offered to support any theory of recovery under Constructive Trust, Quiet Title and Accounting.

34. Regarding Breach of Contract, the Court finds and holds that Mendoza breached the terms of Note No. "3", the terms of which were clear on the face of Note No. "3". Therefore, Breach of Contract cannot support Claim No. 4.

35. The remaining issue is whether the alleged oral agreement as testified to by Mendoza is sufficient to modify the clear and express terms of Note No. "3", thus giving rise to a claim for wrongful foreclosure.

36. California Civil Code §1624 (a)(3) commonly known as "The Statute of Frauds" provides that certain contracts must be in writing. The Deed of Trust at paragraph 15 securing performance under Note No. "3" provides that the law of the jurisdiction in which the Property is located will apply. That jurisdiction is California. Each of these instruments are subject to the Statute of Frauds. Thus, California law applies to the contractual relations under Note No. "3" and the deed of trust between Debtor and Mendoza.

37. The alleged side agreement does not vitiate the requirements of California Civil Code §1624(a)(3). If in fact there was to be an accounting and a release of Note No. "3", that agreement, because it pertained to the sale of real property, must have been a written agreement to be enforceable. There is no evidence of any other written agreement modifying Note No. "3" or the Deed of Trust.

38. Accordingly, as Mendoza admitted that the terms of Note No. "3" were true, that the amounts as scheduled in his bankruptcy were accurate, and that he had failed to pay according to the terms of the Note, the uncontroverted evidence is that the debt was owed and not paid. Therefore, no claim for wrongful foreclosure may be maintained to support Proof of Claim No. 4.

39. On the issue of damages, California law provides that once title passes to a bonafide purchaser, such as Ms. Tienda, to whom Debtor sold the Property after the foreclosure, that the only remedy for wrongful foreclosure is damages. California Mortgages, Deeds of Trust and Foreclosure Litigation, Roger Bernhardt, C.E.B. Vol. 2 4th Ed. §12.139(2010) Citing Gonzales v. Gem Properties, (1974) 37 Cal. App. 3d. 1029; and Strutt v. Ontario Savings and Loan Association, (1970) 11 Cal. App. 3d. 547.

40. The only evidence as to damages is set forth in the Transcript at P. 250: 15 where Mendoza states that his attorney fees are more or less $20,000. Debtor's counsel timely objected to the unsubmitted and late evidence as to attorney fees and damages. The Court sustains these objections as the due date for documents was December 30, 2009 and this evidence was readily available at that time and not submitted in a timely fashion.

41. Moreover, Mr. Mendoza testified that he incurred $1,500 in having to move when he was evicted from the Property. Transcript P.254: 1-8. California law provides that the appropriate measure of damages is the borrowers' lost equity. Munger v. Moore, (1970) 11 Cal. App. 3d 1, 11; and Murphy v. Wilson, (1957) 153 Cal. App. 2d 132.

42. No evidence has been presented to support any loss of equity in the Property as a measure of damages. Thus, the wrongful foreclosure claim must fail for this reason as well.

43. Having admitted that the debt under Note No. "3" was owing, and admitting not making payments thereunder, and presenting no evidence of measurable damages, this Court holds that Mendoza has failed to prove by a preponderance of evidence the validity and amount of Claim No. 4. Accordingly, Debtor's objection to Claim No. 4 is sustained and Mendoza's Motion to Estimate their Claim at $130,000 is denied.

Dated: 10-13-10

RICHARD T. FORD, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

See attached

DATED: 10/13/10

By: [signature]
Deputy Clerk

EDC 3-070 (Rev. 6/28/10)

Service list for 08-16578:

Thomas H. Armstrong, Esq.
5250 N. Palm Ave., #224
Fresno, CA 93704

Henry D. Nunez, Esq.
4478 W. Spaatz Ave.
Fresno, CA 93722

Michael H. Meyer
Chapter 13 Trustee
P. O. Box 28950
Fresno, CA 93729-8950